IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **OLVIN YOVANI VASQUEZ CHINCHILLA,** §<br>    Petitioner, §<br> §<br>v. §<br> §<br>**MARY DE ANDA-YBARRA,** *Acting Field* §<br>*Office Director of Enforcement and* §<br>*Removal Operations, El Paso Field Office,* §<br>*Immigration and Customs Enforcement, et* §<br>*al.,* §<br>    **Respondents.** § | EP-25-CV-00548-DB |

# **ORDER**

On this day, the Court considered the above-captioned case. On November 14, 2025, Petitioner Olvin Yovani Vasquez Chinchilla filed a "Petition for Writ of Habeas Corpus." ECF No. 1. Therein, Petitioner asked this Court to "a. [a]ssume jurisdiction over this matter; b. [o]rder that Petitioner shall not be transferred outside the Western District of Texas, while this habeas petition is pending, unless he is transferred within ten miles of Revere, Massachusetts; c. [i]ssue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days; d. [i]ssue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days; e. [d]eclare that Petitioner's detention is unlawful; f. [a]ward Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and g. [g]rant any other and further relief that this Court deems just and proper." *Id.* at 16. On November 24, 2025, the Court issued its memorandum order and opinion wherein the following orders issued:

      **IT IS HEREBY ORDERED** the Petitioner Olvin Yovani Vasquez Chinchilla's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART**.

      **IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge **no later than December 2, 2025** at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of his removal proceedings.

      **IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than November 26, 2025**.

      **IT IS FINALLY ORDERED** Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than December 4, 2025.**

ECF No. 5 at 11. On November 26, 2025, Respondents filed an "Advisory to the Court," ECF No. 6. Therein, Respondents advised that "[p]ursuant to the Court's Order (ECF No. 5), Respondents notify the Court Petitioner's bond redetermination hearing is scheduled before an immigration judge on December 1, 2025, at 11:00 AM (MST)." *Id.* at 1. However, on December 3, 2025, Petitioner filed a "Notice of Respondent's Non-Compliance," ECF No. 7, informing the Court that Respondents had failed to produce Petitioner at the bond hearing scheduled for December 2, 2025. The next day, Respondents informed the Court that Petitioner had been released on an Order of Release on Recognizance on December 3, 2025, and was no longer in Respondents' custody. *See* ECF No. 8 at 2.

Accordingly, **IT IS HEREBY ORDERED** the parties **SHALL CONFER AND FILE** a notice informing the Court whether any matters remain to be resolved in this case by no later than December 11, 2025.

**SIGNED** this **4th** day of **December 2025**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE