IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ORLIN TOVANI VASQUEZ CHINCHILLA,** §<br>    Petitioner, § | § | |
| | § | |
| | § | EP-25-CV-00548-DB |
| v. | § | |
| | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** *Acting Field* | § | |
| *Office Director of Enforcement and* | § | |
| *Removal Operations, et al.,* | | |
|     **Respondents.** | | |

## ORDER

On this day, the Court considered the above-captioned case. On November 14, 2025, Petitioner Olvin Yovani Vasquez Chinchilla filed a "Petition for Writ of Habeas Corpus," ECF No. 1. In his Petition, Petitioner asks this Court to "a. [a]ssume jurisdiction over this matter; b. [o]rder that Petitioner shall not be transferred outside the Western District of Texas, while this habeas petition is pending, unless he is transferred within ten miles of Revere, Massachusetts; c. [i]ssue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days; d. [i]ssue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days; e. [d]eclare that Petitioner's detention is unlawful; f. [a]ward Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and g. [g]rant any other and further relief that this Court deems just and proper." *Id.* at 16.

On November 24, 2025, the Court issued its "Memorandum Opinion and Order," ECF No. 5, wherein following orders issued:

> IT IS HEREBY ORDERED the Petitioner Olvin Yovani Vasquez Chinchilla's "Petition for Writ of Habeas Corpus," ECF No. 1, is GRANTED IN PART. IT IS FURTHER ORDERED Respondents SHALL PROVIDE Petitioner with a bond hearing before an immigration judge no later than December 2, 2025 at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of his removal proceedings. IT IS FURTHER ORDERED Respondents SHALL FILE an advisory informing the Court when the bond hearing will be held in accordance with the preceding order no later than November 26, 2025. IT IS FINALLY ORDERED Respondents SHALL FILE an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision no later than December 4, 2025.

ECF No. 5 at 11.

On December 10, 2025, Petitioner, through his counsel, filed a "Status Report of Petitioner," ECF No. 10, stating Petitioner has been released. ECF No. 10 at 1. Further, Petitioner advised the following:

> 1) On November 24, 2025, the Court ordered Respondents to hold a bond hearing or release Petitioner "no later than December 2, 2025." ECF Doc No. 5. 2) Federal Respondents did not produce Petitioner at the bond hearing they scheduled for December 2, 2025 at 9:00 MST, even after rescheduling multiple times. 3) Petitioner informed me on December 9, 2025 that Federal Respondents released him from custody in El Paso, Texas at some time on December 3, 2025. 4) Federal Respondents unlawfully detained him at a bus stop in Massachusetts, transported him to El Paso, Texas, but did not facilitate his return. 5) Present counsel for Petitioner did not receive any notification from the Government regarding the release of Petitioner, despite his being 19 years old. 6) Petitioner was not aware of any safety or logistical explanation of why he could not be released on December 2, 2025 as ordered. 7) Petitioner reserves the right to file motions for any relief available due to his delayed release.

After due consideration, **IT IS HEREBY ORDERED** the parties **SHALL CONFER AND FILE** a notice informing the Court whether any matters remain to be resolved in this case by **no later than December 18, 2025.**

**IT IS FURTHER ORDERED** that should Petitioner wish to seek any additional relief based on his Status Report, ECF No. 10, Petitioner **SHALL FILE** said motions or requests for relief **no later than December 18, 2025.**

**SIGNED** this **11th** day of **December 2025**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**